UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRIS DEYERLE,

    Petitioner,

vs.

LA GRANT, *et al.*,

    Respondents.

3:12-cv-00125-RCJ-VPC

**ORDER**

On November 30, 2012, respondents filed a motion to extend time to file a responsive pleading to petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF #11). Good cause appearing, respondents' motion is granted. Respondents shall file their response to the petition on or before January 14, 2013.

Also before the court is petitioner's motion for reconsideration of the denial of his motion for appointment of counsel (ECF #10).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order dated October 16, 2012, the court denied petitioner's motion for appointment of counsel because the petition appears sufficiently clear in presenting the issues that petitioner wishes to raise (ECF #5). Petitioner now argues that he should be appointed counsel because "when it comes to legal matters he is completely ignorant" (ECF #10). Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order denying his motion for appointment of counsel should be reversed.

**IT IS THEREFORE ORDERED** that respondents' motion to extend time to file their response to the petition (ECF #11) is **GRANTED**. Respondents shall file their response to the petition on or before January 14, 2013.

**IT IS FURTHER ORDERED** that petitioner's motion for reconsideration of the denial of appointment of counsel (ECF #10) is **DENIED.**

Dated this 15th day of January, 2013.

_____
UNITED STATES DISTRICT JUDGE