

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRIS DEYERLE,

        Petitioner,

vs.

LA GRANT, *et al.*,

        Respondents.

3:12-cv-00125-RCJ-VPC

**ORDER**

        Chris Deyerle, a Nevada prisoner, has submitted a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF #6). Before the court is respondents' motion to dismiss (ECF #15). Petitioner has opposed the motion (ECF #24), and respondents have replied (ECF #26).

**I. Procedural History and Background**

        On September 17, 2004, a jury found petitioner guilty of first degree murder with the use of a deadly weapon and sentenced him to life in prison with the possibility of parole after twenty years (exhibits to motion to dismiss, ECF #15, ex. 51).[1] At sentencing, the state district court imposed an identical consecutive sentence for a deadly weapon enhancement and rejected petitioner's argument that the court should impose the weapon enhancement based on a statutory amendment that became effective after petitioner committed the charged offense but before the state district court imposed the sentence (ex. 55).

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss (ECF #15), and may be found at ECF #s 16-21.

Petitioner filed a direct appeal (ex. 70). The Nevada Supreme Court affirmed the state district court on February 4, 2009 (ex. 79). On July 31, 2009, petitioner filed a proper person state postconviction petition for a writ of habeas corpus and a motion for counsel (ex's 90, 91). The state district court granted the motion for appointment of counsel, and appointed counsel then filed a supplemental postconviction habeas petition as well as a motion seeking funds to retain two expert witnesses (ex.'s 97, 98).

The state district court held an evidentiary hearing on August 24, 2010 (ex. 113). At the outset of the hearing, the court indicated that it did not "intend to grant the motion" for funds for experts (*id.* at 4). At the end of the hearing, the state district court denied the petition from the bench and issued the written order denying the petition on October 12, 2010 (ex. 113 at 72-73; ex. 114).

Petitioner, through counsel, appealed to the Nevada Supreme Court (ex. 124). The Nevada Supreme Court affirmed the denial of the petition on February 8, 2012 (ex. 132), and remittitur issued on March 5, 2012 (ex. 133).

On March 6, 2012, this court received petitioner's federal petition for writ of habeas corpus (ECF #6). Respondents argue that most grounds of the petition should be dismissed as unexhausted (ECF #15).

## II. Legal Standards

### A. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim

through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted). However, citation to state caselaw that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

3

### B. Failure to State a Claim Cognizable in Federal Habeas Corpus

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

### C. Conclusory Claims

In federal habeas petitions, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *Pro se* pleadings, however, must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Instant Petition

### Ground 1

Petitioner alleges violations of his Fifth, Sixth and Fourteenth Amendment rights to a fair trial (ECF #6). He argues that the state district court should have applied newly implemented amendments to Nevada's deadly weapon enhancement statute, which became effective after petitioner's crime but prior to his sentencing hearing (*id.* at 3, 10-13).

Respondents argue that ground 1 is unexhausted because, while petitioner raised a similar claim in his direct appeal, with the exception to the citation to *Dobbert v. Florida*, 432 U.S. 282 (1977), each fo the cases petitioner cited were state court cases that did not apply any federal constitutional

4

provisions (ECF #15 at 7-8). Respondents state that petitioner did not label this claim as deriving from the United States Constitution in his opening brief on direct appeal (*id.* at 8; *see* ex. 70 at 6-9).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the legal standards for this court's consideration of the petition in this case and explicitly authorizes district courts to deny relief on the merits of unexhausted claims. 28 U.S.C. § 2254(b)(2); *see also Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) ("a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim").

Petitioner argues that because he was sentenced on November 1, 2007, the version of Nev. Rev. Stat. § 193.165 that went into effect on July 1, 2007, should have applied to him under the ameliorative doctrine. Petitioner misinterprets that doctrine. The doctrine allows for an enactment subsequent to the crime to apply to the sentence of the defendant, without running afoul of the Ex Post Facto Clause, if the change is procedural and ameliorative. *See Powell v. Ducharme*, 998 F.2d 710, 713 (9th Cir. 1993). The doctrine does not require a subsequent enactment to apply to a sentence even though the change is procedural and ameliorative. The Nevada Supreme Court has held that the new version of Nev. Rev. Stat. § 193.165 does not apply to crimes committed before its date of effectiveness. *State v. Dist. Court (Pullin)*, 188 P.3d 1079 (Nev. 2008). The Nevada Supreme Court is the final word on matters of state law. Consequently, as ground 1 is not cognizable in federal habeas corpus and is dismissed on that basis, the court need not determine whether the claim is exhausted.

**Ground 4**

Petitioner alleges that the state district court "abused its discretion by refusing payment for experts in violation of" his Fifth, Sixth and Fourteenth Amendment rights (ECF #6 at 15). Respondents argue that this claim is unexhausted.

Again, the court need not determine whether this ground is exhausted because "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). *Accord Gerlaugh v. Stewart*, 129

5

F.3d 1027, 1045 (9th Cir. 1997). Accordingly, ground 4 fails to state a claim cognizable in federal habeas corpus and is dismissed.

**Ground 5**

Petitioner alleges that his Fifth, Sixth and Fourteenth Amendment rights to a fair trial and effective assistance of counsel were violated when trial counsel failed to request a mental health expert to explain petitioner's heat-of-passion defense and to investigate his history of Attention Deficient Disorder (ADD) (ECF #6 at 16-17). He also states that an expert also would have testified as to how the stress of divorce affected him (*id.*).

Respondents contend that petitioner never asserted a violation of the Fifth Amendment or his right to a fair trial before the Nevada Supreme Court and, moreover, that his claim to that court was that counsel was ineffective for failing to request a mental health expert to testify about the stresses of divorce and how they would affect a reasonable person (ECF #15 at 10).

Respondents are correct that petitioner did not present any claim about his counsel's failure to procure an expert to testify about his ADD to the Nevada Supreme Court. They are also correct that petitioner did not allege a violation of the Fifth Amendment or his right to a fair trial before the Nevada Supreme Court. Accordingly, petitioner's claim that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to request a mental health expert to testify about the stresses of divorce is exhausted. Petitioner's claim that trial counsel failed to request a mental health expert to testify about his ADD in violation of his Fifth, Sixth and Fourteenth Amendment rights to a fair trial and effective assistance of counsel is unexhausted.

**Ground 6**

Petitioner alleges that his Fifth, Sixth and Fourteenth Amendment rights were violated because the district court erred "when it refused to allow defendant to admit evidence of the methamphetamine use of the victim, and the effect of the same upon the person which would clarify the victim's abusive behavior" (ECF #6 at 18-19).

Respondents argue that while petitioner presented a similar claim on direct appeal, his claim was that the trial court erred in excluding evidence of the victim's alleged methamphetamine use because it was admissible under Nev. Rev. Stat. § 48.045(1)(b), and he cited to two Nevada cases interpreting and applying Nevada's statutory rules of evidence (ECF #15 at 9).

Respondents are correct that petitioner did not present a claim to the Nevada Supreme Court that the state district court's decision to exclude that evidence violated any provisions of the federal constitution (*see* ex. 70 at 17-20). Accordingly, ground 6 is unexhausted.

**Ground 7**

Petitioner alleges that he was denied a fair trial and effective assistance of counsel in violation of his Fifth, Sixth and Fourteenth Amendment rights when trial counsel failed to remove "biased jurors after questioning them and finding out their prejudice and contamination cause" (ECF #6 at 20-21). He also alleges here that counsel was ineffective for not raising this claim on direct appeal (*id*. at 20). Respondents are correct that petitioner never presented these claims to the Nevada Supreme Court. Thus, ground 7 is unexhausted.

**Ground 8**

Petitioner alleges that his Fifth, Sixth and Fourteenth Amendment rights were violated because the Justice Court abused its discretion when it denied petitioner's counsel's request for a continuance to investigate the evidence being presented in order for counsel to be properly prepared (ECF #6 at 22). Respondents are correct that petitioner never presented such a claim to the Nevada Supreme Court. Accordingly, ground 8 is unexhausted.

**Ground 9**

Petitioner alleges that he was denied a fair trial and effective assistance of counsel in violation of his Fifth, Sixth and Fourteenth Amendment rights when counsel failed "to investigate and present pictorial evidence that would have impeached a key state witness" (ECF #6 at 23). Respondents

are correct that petitioner never presented such a claim to the Nevada Supreme Court. Accordingly, ground 9 is unexhausted.

### Ground 10

Petitioner alleges that he was denied a fair trial and effective assistance of counsel in violation of his Fifth, Sixth and Fourteenth Amendment rights when counsel failed to properly investigate facts and witnesses and to call any witnesses that would support petitioner's defense (ECF #6 at 24). The court agrees with respondents that to the extent that this claim could be read as to include the claim that his attorney was ineffective for failing to investigate/interview witness Dennis Ramirez, it is duplicative of ground 2. Petitioner did not present to the Nevada Supreme Court a claim that counsel was ineffective for failing to investigate any other facts or witnesses.

Moreover, petitioner has failed to specify what facts or witnesses counsel failed to investigate. Accordingly, ground 10 is dismissed because part of the ground is duplicative and the remainder is conclusory.

### Ground 11

Petitioner alleges that he was denied a fair trial and effective assistance of counsel in violation of his Fifth, Sixth and Fourteenth Amendment rights when his trial counsel failed to "petition the court for a change of venue," despite petitioner's repeated requests that he do so (ECF #6 at 26). Respondents are correct that petitioner never presented such a claim to the Nevada Supreme Court. Accordingly, ground 11 is unexhausted.

### IV. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court finds as follows: grounds 1 and 4 are dismissed as not cognizable; ground 10 is dismissed as conclusory; the claim in ground 5 that trial counsel failed to

request a mental health expert to testify about petitioner's ADD in violation of his Fifth, Sixth and Fourteenth Amendment rights to a fair trial and effective assistance of counsel is unexhausted; and grounds 6-9 and 11are unexhausted. Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claim;

2. He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277.

Accordingly, petitioner would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument regarding the question whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained

in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## V. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss the petition (ECF #15) is **GRANTED in part and DENIED** in part as follows:

    1. Grounds 1 and 4 are **DISMISSED** as noncognizable.

    2. Ground 10 is **DISMISSED** as conclusory.

    3. The portion of ground 5 that alleges that trial counsel failed to request a mental health expert to testify about petitioner's ADD in violation of his Fifth, Sixth and Fourteenth Amendment rights to a fair trial and effective assistance of counsel is unexhausted.

    4. Grounds 6-9 and 11 are unexhausted.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted ground; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claims. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 17th day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE