# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRIS DEYERLE,

 *Petitioner*,

vs.

LA GRANT, *et al.*,

 *Respondents*.

3:12-cv-00125-RCJ-VPC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on: (a) a defective notice (#28) by petitioner regarding the unexhausted claims; (b) respondents' motion (#29) for leave to file a response to the defective filing; and (c) petitioner's motion (#30) to strike the motion for leave.

In its prior order (#27), the Court held, *inter alia*, that multiple grounds in the petition were unexhausted. The order outlined the following available options for petitioner:

> **IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted ground; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for stay and abeyance, asking this court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claims. . . . .

#27, at 10.

Petitioner thereafter filed a notice in which he elected what he represented to be "option 2" from the order. However, petitioner stated in the accompanying declaration:

> I understand that by choosing to return to state court to exhaust my claims declared unexhausted by this court . . . the court will dismiss without prejudice the instant petition *and will not enter judgment, but will administratively close the instant case and allow me to return to this court after exhausting in the state court and reopen the same case under the same number*.

#28-1, at 1 (emphasis added).

The second option in the Court's prior order included no such language providing that, if petitioner elected to dismiss the petition, the matter would be administratively closed without entry of judgment. Petitioner thus elected an option that was not available to him under the order.

The order did not provide for such an option because there is no such option available to petitioner under the governing law by mere unilateral election. An administrative closure order without entry of final judgment in these circumstances constitutes the functional equivalent of a stay order. *See, e.g., Wiideman v. Whorton*, No. 06-16070, 2007 WL 2491470 (9th Cir. Aug. 27, 2007). Petitioner can obtain a stay only by – as outlined in option 3 in the prior order – filing a motion for a stay and satisfying the requirements for obtaining a stay. *See, e.g., King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009)(comparing and contrasting the different stay procedures available and the requirements for obtaining such stays).

The Court will give petitioner one more opportunity to make an election that is available under the prior order. If petitioner does not timely make such an election – or if he again attempts to invoke an option that is not available to him under the governing law – the Court simply will dismiss the action without further advance notice. Absent a request for appropriate relief, a petition with unexhausted claims is subject to immediate dismissal. *See, e.g., Rose v. Lundy*, 455 U.S. 509 (1982). If petitioner again fails to make an appropriate election, the matter simply will be dismissed.

The Court will deny both pending motions as moot. The Court does not need further filings from the parties to conclude that the election made by petitioner is defective.

1    IT THEREFORE IS ORDERED that the petition will be dismissed without further
2 advance notice unless, within **thirty (30) days** of entry of this order, petitioner mails to the
3 Clerk for filing an election made in accordance with the three options provided at page 10,
4 lines 12-18, of #27.  If petitioner again seeks to make an election that is not provided for in
5 the prior order, the action will be dismissed without further advance notice.  **No extension of**
6 **time will be granted absent extraordinary circumstances.**

7    IT FURTHER IS ORDERED that respondents' motion (#29) for leave to file a response
8 and petitioner's motion (#30) to strike the motion for leave both are DENIED as moot.

9    DATED: This 16th day of September, 2013.

    _____
    ROBERT C. JONES
    Chief United States District Judge